Claude J. Chauveau
67 East 11th Street, Suite 408
New York, New York 10003
Tel: (503) 781-0901
Email: cjc@a-g-finance.com
Acting As Attorney Pro Se


Bernd H. Weber
Suite 702
55 Kingsbridge Garden Circle
Mississauga, Ontario, L5R 1Y1
Tel: (905) 502-0700
Email: agfinance@a-g-finance.com
Acting As Attorney Pro Se

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| MELLAND GROUP, LLC d/b/a nTRUST, an Oregon limited liability company, and ALLAIN DE LA MOTTE,<br><br>PLAINTIFFS<br><br>v.<br><br>BERND H. WEBER, CLAUDE J. CHAUVEAU, AMERICAN GULF FINANCE CORP., ALVION PARTNERS, LLC, WEBER, LLC, AGF REALTY SOLUTIONS, INC., ALEXON HOLDINGS INTERNATIONAL LTD., TIMEDATA CORPORATION, TIME DATA HOLDINGS, LLC, and DOES 1-10,<br><br>DEFENDANTS | No. CV08-957-AC<br><br>Defendants' Response To Declarations of Jon S. Crouse And Brad Henshaw Filed In Support of Plaintiffs' Motion For Preliminary Injunction |

Defendants' Response To Declaration of Jon S. Crouse And Brad Henshaw Filed In Support of Plaintiffs' Motion For Preliminary Injunction

Page 1 of 8

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Defendant Weber and Defendant Chauveau (together "Defendants") file this *Response To The Declarations Of Jon S. Crouse And Brad Henshaw Filed In Support Of Plaintiffs' Motion For Preliminary Injunction* Under Seal [Docket #47 and #48, respectively] as per *Plaintiffs' Unopposed Motion to File Documents Under Seal*, filed by Plaintiffs (Docket #35) and respectfully show the following:

**Defendants' Response To Jon S. Crouse's Declaration**

1. The declaration of Mr. Crouse was issued under penalty of perjury on December 1, 2008. The Declaration and its Exhibits are of no relevance to the proceedings before this Honorable Court as the Declaration neither contains any proprietary or confidential information or trade secret information belonging to the Plaintiffs not otherwise publicly available or lawfully obtained, nor does the Declaration provide any evidence of any wrongful infringement of the Plaintiffs' alleged proprietary or confidential technology, nor any allegations of any wrongdoings of Defendants relevant to the proceedings before this Honorable Court.

2. Furthermore, and for the record, Defendants never requested Mr. Crouse to irrevocably assign substantial assets to Defendant Weber. Such request never existed and defies any logic. Instead, an irrevocable assignment to the referenced Trust in exchange for an equal value of trust notes was contemplated. The false statement of Mr. Crouse that "Weber" (instead of the Trust under SOLE control of an institutional trustee) "would return the assets to Mr. Crouse at any time upon his request" is utter nonsense. No banking institution in its right mind would ever engage in a long-term financing transaction if the underlying collateral could be subject to a return to the depositors "at any time". Knowing this, such a statement could only have been made by Mr. Crouse at the clever behest of Plaintiffs' attorneys preparing this declaration to mislead the Honorable Court with the

Defendants' Response To Declaration of Jon S. Crouse And Brad Henshaw Filed In Support of Plaintiffs' Motion For Preliminary Injunction

Page 2 of 8

dubious intent of supporting the Plaintiffs' fraudulent allegations in this proceeding, and to support the false allegations of other aiding and abetting Plaintiffs in another currently pending related case filed in the Middle District of Tennessee (3:08-cv-00866 Alvion Properties, Inc. et al v. Weber et al).

3. Furthermore, it should be brought to the attention of this Honorable Court that Mr. Crouse, amongst other deliberately false statements made to this Honorable Court, Mr. Crouse intentionally (mens rea) and actually (actus reus) commits an act of perjury, designed to mislead the Honorable Court and meant to slander the good character of Defendant Weber and his defense witness Mr. Donald C. Rishell.  For the record, Mr. Crouse was made aware of Mr. Rishell's prior criminal record before he entered into the business relationship with AGF Realty Solutions LLC. Defendants submit the affidavits of Mr. Christopher Bolser, dated October 3, 2008 **[Exhibit D, Defendants' Motion to Unseal the Declarations of Brad Henshaw and Jon S. Crouse Filed In Support of Plaintiffs' Motion for Preliminary Injunction,** filed concurrently and incorporated herewith by reference**]** and of Mr. John Dreckman, dated October 9, 2008 **[**see **Exhibit C, Defendants Motion to Unseal the Declarations of Brad Henshaw and Jon S. Crouse Filed In Support of Plaintiffs' Motion for Preliminary Injunction,** also filed concurrently and incorporated herewith by reference**]**, which directly controvert Mr. Crouse's false declarative testimony. To the contrary, Mr. Crouse entered into a Consulting Agreement with AGF Realty Solutions LLC on October 11, 2007. Mr. Crouse then enjoyed the professional services of AGF Realty Solutions LLC as set forth in the Consulting Agreement without honoring his financial obligations set forth in said agreement while accruing over $165,000 worth of consulting services which have not been paid to-date. Then almost one year later, Mr. Crouse self-servingly elected on September 25, 2008 to abruptly end his business obligations by falsely alleging "Defendant Weber and Mr. Rishell had not informed him of Mr. Rishell's prior criminal record" **[**see **¶13, Declaration of Jon S. Crouse In Support of Plaintiffs' Motion For Preliminary Injunction]**. Mr. Crouse intentionally lies to the Honorable Court and is aiding and abetting Plaintiffs by making such false statement.

4. Mr. Crouse further lies to this Honorable Court in ¶13 of his Declaration, ibid, when he testifies that he met with Mr. Fisher in the presence of witnesses on October 30, 2007 and that Defendant Weber misrepresented his prior business dealings with Mr. Fisher. Again, to the contrary, Mr. Crouse only met Mr. Fisher once and was properly informed at that time both about Mr. Rishell's prior criminal record and Mr. Weber's prior business dealings with Mr. Fisher. As previously evidenced by the affidavits of Mr. Dreckman and Mr. Bolser, Mr. Rishell informed Mr. Crouse of his criminal record prior to June 23, 2007, after which date Mr. Crouse willfully entered into a Consulting Agreement with AGF Realty Solutions LLC on October 11, 2007, as presented by Defendants.  Yet again, despite of the fact that Mr. Crouse was aware of Defendant Weber's business associate Mr. Donald C. Rishell's criminal record since June 23, 2007, Mr. Crouse falsely testifies under penalty of perjury that he terminated his business relationship more than one year later on September 25, 2008, "on the grounds that the prior criminal record of Defendant Weber's business associate Mr. Donald C. Rishell" had not been revealed to him. The affidavits of Mr. Bolser and Mr. Dreckman fully dispute these untruthful statements.

5. Given the facts, Defendants have good reason to conclude that Mr. Crouse abuses this Honorable Court and dishonestly seeks to create a corrupt impression of Defendant Weber to avoid having to make good on his over-due consulting payments to AGF Realty Solutions LLC, which he previously accepted as having been satisfactorily rendered under the terms of his Consulting Agreement with AGF Realty Solutions LLC and to aid and abet Plaintiffs in their malicious action against Defendants.

6. It goes without saying that Mr. Crouse's perjury is a serious offense, since his statements are intended to surreptitiously bias and usurp the power of the Honorable Court to obtain a miscarriage of justice. Mr. Crouse received copies of the two aforementioned exhibits **[Exhibit C and D,** filed with **Defendants' Motion to Unseal the Declarations of Brad Henshaw and Jon S. Crouse Filed In Support of Plaintiffs' Motion for Preliminary Injunction]** on November 19, 2008, via email, telefax and registered letter. Yet, approximately ten days later on December 1, 2008, he still chose to misrepresent to the Honorable Court his pre-existing knowledge of the facts. It is clear that Mr. Crouse made these false statements of material fact willfully and intentionally to unfairly prejudice this judicial proceeding against the Defendants. He therefore knowingly perjures himself, and the Court should sanction him appropriately for such perjury.

**<u>Defendants' Response To Brad Henshaw's Declaration</u>**

7. The published Privacy Policy of Farmers State Bank ("FSB"), the employer of Mr. Henshaw, states that "nonpublic personal information means information about a customer that the bank collects in connection with providing a financial product or service to the customer", and further: "We will not disclose nonpublic personal information about you to anyone except as disclosed in this policy or as permitted by law".

8. Defendant Weber, directly and through Alvion Partners LLC, unrelated to the banking relationship that FSB maintains independently with Alvion Properties, Inc., established a customer relationship with a high-level of implied and expected confidentiality which under the Illinois Banking Act did a not require a confidentiality agreement to be executed. Defendant Weber entrusted FSB officer Henshaw with certain financial and business confidential information that Mr. Henshaw solicited and welcomed in order to evaluate whether or not to provide the bank's financial services to Alvion Partners, LLC. Defendant Weber also is a personal guarantor of

a $1 million mortgage and line of credit which Defendant Weber helped to facilitate with FSB for the benefit of Alvion Properties, Inc., from which the Plaintiffs were paid $595,000 under an advance fee scheme under which the Plaintiffs' failed to perform as represented **[**see **Declaration of Bernd H. Weber In Opposition of Plaintiffs' Motion For Preliminary Injunction,** filed concurrently herewith**]**.

9. In addition to Mr. Henshaw's verbal undertakings to maintain confidentiality of information exchanged, Defendant Weber relied on the fact that FSB would comply with the rules and regulations of its various regulatory bodies. Amongst other laws, FSB is financially regulated by the (205 ILCS 5/) Illinois Banking Act.

10. More specifically, in regard to the disclosure of customer financial information, Section 48.1 of the Act provides that except as provided in the Act, a bank may not disclose to any person except to the customer or his duly authorized agent any financial records or financial information obtained from financial records relating to that customer of that Bank, unless the customer has authorized the disclosure, or the financial records are disclosed in response to a lawful subpoena, summons, warrant or court order.

11. Defendant Weber never received any request from Mr. Henshaw and/or FSB that sought such authorization for the disclosure of any information confidentially submitted to FSB, nor has Defendant Weber ever authorized such disclosure. Hence, Mr. Henshaw in his position as a senior officer of FSB had no fiduciary duty to disclose the information in his Declaration to this Honorable Court, or to any third parties such as the Plaintiffs, in absence of any lawful subpoena, summons, warrant or court order.

12. As a result, and even if the information contained in Mr. Henshaw's Declaration and its Exhibits are taken to be truthful, which Defendants contend are in fact not truthful and are being provided to factually mislead and confuse the Honorable Court, the declaration of Mr. Henshaw and its exhibits should not be not permitted as sealed evidence to this Honorable Court as this information was obtained in

breach of current banking laws governing FSB and Mr. Henshaw, and it should be exposed for what it is..

13. Defendant Weber furthermore emphatically denies that he has ever claimed to have invented, talked about, discussed, or given a presentation to anyone, including Mr. Henshaw, regarding an alleged investment technology referred to as the "card game", allegedly invented by Melland and/or Mr. Allain de la Motte. Defendant Weber once observed Mr. Allain de la Motte presenting his so-called "card game technology" to a third party and came to the only determination possible: the alleged technology is utter nonsense and not implementable in regulated financial markets. As a result, Defendant Weber would have had absolutely no motivation to present such "technology" to anyone. Mr. Henshaw disrespects this Honorable Court and has committed perjury in his declaration, attempting to aid and abet his long term banking clients Medley, Reynolds and Alvion in their actions against Defendants, by claiming that Defendant Weber presented the Plaintiffs' alleged "card game" investment technology to him in March 2008 or at any other time.

14. Plaintiffs' counsels are knowingly supporting these wrongful acts. Plaintiffs' counsels drafted and issued both the declaration of Mr. Henshaw and Mr. Crouse, as evidenced by the consecutive numbering on the respective declarations on the bottom of each page and then forwarded the signature page to Messrs. Henshaw and Crouse, which explains the blurred last page of each declaration as a result of the scanning process. The Defendants contend the chosen wordings of the two declarations are not the words of Messrs. Henshaw and/or Crouse, (even though they both "declare under penalty of perjury that the foregoing is true and correct to the best of their knowledge and belief"), but rather are carefully crafted testimonies designed by Plaintiffs' counsels to mislead this Honorable Court to support, aid and abet Plaintiffs' frivolous and malicious complaint.

15. In conclusion, Defendants pray this Honorable Court will (a) cause the necessary actions required to address Mr. Henshaw's unauthorized disclosure of privileged information in breach of the Illinois Banking Act, and (b) to consequently unseal the

Defendants' Response To Declaration of Jon S. Crouse And Brad Henshaw Filed In Support of Plaintiffs' Motion For Preliminary Injunction

Page 7 of 8

Declaration of Mr. Henshaw and its exhibits and make them publicly available. Defendants also pray this Honorable Court will (a) cause the necessary actions required to address the perjury intentionally committed by Mr. Crouse, (b) to unseal the Declaration of Mr. Crouse and its exhibits and make them publicly available, and (c) sanction Plaintiffs and their counsels under FRCP 11(b) for having filed this malicious and frivolous lawsuit against the Defendants and to still pursue this Complaint against better knowledge.

Respectfully submitted,

/s/ Claude J. Chauveau
Claude J. Chauveau, Pro Se
67 East 11th Street, Suite 408
New York, New York 10003
Tel: (503) 781-0901
Email: cjc@a-g-finance.com

/s/ Bernd H. Weber
Bernd H. Weber, Pro Se
Suite 702
Email: agfinance@a-g-finance.com
55 Kingsbridge Garden Circle
Mississauga, Ontario L5R 1Y1

Dated: December 21, 2008

**Defendants' Response To Declaration of Jon S. Crouse And Brad Henshaw Filed In Support of Plaintiffs' Motion For Preliminary Injunction**

Page 8 of 8

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the **Defendants' Response To Declarations of Jon S. Crouse And Brad Henshaw Filed In Support of Plaintiffs' Motion For Preliminary Injunction** was filed with the Office of the Clerk of the Court of the United States District Court for the District of Oregon using the CM/ECF system, pursuant to the Local Rules of the District of Oregon on December 30, 2008. (Previous attempts to file the document(s) on December 21, 2008 and December 22, 2008 failed due to weather-related server problems as reported by the Court. Consequently, the Court granted Defendants permission to file the attached no later than December 30, 2008.)

and by electronic transmission to:

Lawrence H. Reichman, OSB No. 860836
LReichman@perkinscoie.com
Nicholle Winters, OSB No. 054155
NWinters@perkinscoie.com
**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Howard Skaist, Esq., OSB No 883482
hskaist@bltg-ip.com
Katherine Ford Horvath, Esq. (admitted pro hac vice)
khorvath@bltg-ip.com
**BERKELEY LAW AND TECHNOLOGY GROUP LLP**
17933 Evergreen Parkway, Suite 250
Beaverton, OR 97006-7660
Telephone: 503.439.6500
Facsimile: 503.439.6558

Richard L. Coffman, Esq. (admitted pro hac vice)
**THE COFFMAN LAW FIRM**
First City Building
505 Orleans St., Ste. 505
Beaumont, TX 77701
Telephone: (409) 833-7700
Facsimile: (866) 835-8250
rc@cofflaw.com

/s/ Claude J. Chauveau
Claude J. Chauveau, Pro Se
67 East 11th Street, Suite 408
New York, New York 10003
Tel: (503) 781-0901
Email: cjc@timedatacorp.com

CERTIFICATE OF SERVICE - Defendants' Response To Declarations of Jon S. Crouse And Brad Henshaw Filed In Support of Plaintiffs' Motion For Preliminary Injunction